[Cite as *State v. Sullivan*, 2013-Ohio-5276.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | Hon. Sheila G. Farmer, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 13-CA-10 |
| MONTIE E. SULLIVAN | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Fairfield County Court of
                                 Common Pleas, Case No. 2010-CR-0043


JUDGMENT:                        Affirmed in part; Reversed in part and
                                 remanded


DATE OF JUDGMENT ENTRY:          November 22, 2013


APPEARANCES:


For Plaintiff-Appellant                    For Defendant-Appellee


GREGG MARX                                 MARK P. ORT
Prosecuting Attorney                       13297 Rustic Drive, NW
                                           Pickerington, Ohio 43147-8976
By: JOCELYN S. KELLY
Assistant Prosecuting Attorney
Fairfield County, Ohio
239 W. Main Street, Ste. 101
Lancaster, Ohio  43130

*Hoffman, P.J.*

{¶1} Plaintiff-appellant the state of Ohio appeals the January 28, 2013 Judgment Entry entered by the Fairfield County Court of Common Pleas sustaining a motion to suppress filed by Defendant-appellee Montie E. Sullivan, and ordering all evidence obtained by law enforcement as a result of the unlawful search and seizure be suppressed.

STATEMENT OF THE FACTS AND PROCEDURAL HISTORY

{¶2} Following a series of home invasions believed to be committed by the same person or persons, the Franklin County Sheriff's Office identified a white Honda Civic belonging to Appellee as being an automobile connected to the robberies. The officers commenced surveillance of the address to which the automobile was registered and the parking lot of the apartment complex.

{¶3} Detectives continued visual surveillance over a three day time period and followed the vehicle whenever Appellee or his co-defendant, David White, were driving. Due to a lack of resources, constant surveillance remained difficult.

{¶4} Due to limited resources to continue the visual surveillance, Corporal Minerd of the Franklin County Sheriff's Office and an undercover officer installed a small GPS unit under the vehicle's bumper. The device attached to the vehicle by magnets.

{¶5} Corporal Minerd monitored the GPS data showing the movements of the white Honda Civic approximately three to four times a day for approximately ten minutes at a time.

{¶6} On January 23, 2010, Minerd noticed the car moving suspiciously in the 3400 block of Bickel Church Road. He observed the vehicle slowed through

neighborhoods and circled an area in Licking County. Corporal Minerd continued to monitor the GPS device data until the vehicle returned to the residence. Two hours later, the vehicle again drove slowly through neighborhoods and circled an area in Fairfield County. Minerd contacted the Fairfield County dispatcher, identified himself, and explained the situation. He learned a home invasion had occurred in the suspect area

{¶7} A search warrant was issued for Appellee's residence and the vehicle. Upon execution of the warrant, officers found property from a recent robbery, as well as, previous robberies.

{¶8} Appellee was indicted on one count of improperly discharging a firearm, at or into a habitation, with two firearm specifications; one count of aggravated burglary, with two firearm specifications; and one count of grand theft, with a firearm specification.

{¶9} Appellee filed a motion to suppress the GPS device data and any evidence derived therefrom. Via Judgment Entry entered July 22, 2010, the trial court overruled the motion to suppress.

{¶10} On October 19, 2010, Appellee entered a plea of no contest to improperly discharging a firearm into a habitation, with one firearm specification, and to one count of aggravated burglary. The remaining charges were dismissed.

{¶11} The trial court sentenced Appellee to nineteen years in prison, including three years of mandatory time for the firearm specification. The trial court ordered Appellee pay $1000.00 in restitution.

{¶12} Appellee filed an appeal of the conviction and sentence to this Court in *State v. Sullivan*, 5th Dist. No. 2010-CA-52, 2011-Ohio-4967. This Court reversed the

trial court's denial of the motion to suppress and remanded the case to the trial court for further proceedings.

{¶13} On October 28, 2011, this Court certified a conflict of the decision rendered in *Sullivan*, supra, with the holding of another jurisdiction. The Ohio Supreme Court accepted jurisdiction, ultimately directing the judgment of this Court be vacated, and ordering the case remanded to the trial court to apply the United States Supreme Court decision in *United States v. Jones*, 556 U.S. ___, 132 S.Ct. 945, 181 L.Ed.2d 911 (2012). See *State v. Sullivan*, 132 Ohio St.3d 75, 2012-Ohio-1985.

{¶14} On May 15, 2012, Appellee filed a petition for post-conviction relief in the trial court, and moved for summary judgment on an action for post-conviction relief based on the United States' Supreme Court decision in *Jones,* supra.

{¶15} Via Judgment Entry of January 28, 2013, the trial court sustained Appellee's motion to suppress. The trial court ordered all evidence obtained by law enforcement as a result of the unlawful search and seizure be suppressed.

{¶16} The State certified the trial court's ruling rendered its proof of the charges so weak in its entirety any reasonable possibility of effective prosecution was destroyed, and timely filed a notice of appeal.

{¶17} The State now assigns as error:

{¶18} "I. THE TRIAL COURT IMPROPERLY APPLIED THE EXCLUSIONARY RULE WHEN EXCLUDING ALL EVIDENCE WOULD ONLY DETER CONSCIENTIOUS POLICE WORK AND WOULD IMPOSE A COSTLY TOLL BECAUSE IT WOULD PREVENT THE PROSECUTION OF A FELONY OFFENSE AND REQUIRE THE COURT TO IGNORE RELIABLE, TRUSTWORTHY EVIDENCE.

**{¶19}** "II. THE TRIAL COURT IMPROPERLY SUPPRESSED APPELLEE'S STATEMENTS TO LAW ENFORCEMENT WHEN THAT STATEMENT WAS NOT DERIVED FROM THE USE OF THE GPS TRACKING DEVICE.

**{¶20}** "III. THE TRIAL COURT IMPROPERLY SUPPRESSED EVIDENCE FROM THE INSTALLATION AND TRACKING OF A GPS DEVICE.  THE USE OF THAT DEVICE WAS A REASONABLE SEARCH AND WAS PERMISSIBLE UNDER THE FOURTH AMENDMENT."

I. and III.

**{¶21}** Appellant's first and third assignments of error raise common and interrelated issues; therefore, we will address the arguments together.

**{¶22}** There are three methods of challenging on appeal a trial court's ruling on a motion to suppress.

**{¶23}** First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning,* 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein,* 73 Ohio App.3d 486, 597 N.E.2d 1141 (4th Dist.1991); *State v. Guysinger,* 86 Ohio App.3d 592, 621 N.E.2d 726 (4th Dist.1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams,* 86 Ohio App.3d 37, 619 N.E.2d 1141 (4th Dist.1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate

or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry,* 95 Ohio App.3d 93, 641 N.E.2d 1172 (8th Dist.1994); *State v. Claytor,* 85 Ohio App.3d 623, 620 N.E.2d 906 (4th Dist.1993); *Guysinger.* As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996), "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

**{¶24}** The Fourth Amendment protects people, not places. *Katz v. United States* 389 U.S. 347, 88 S. Ct. 507, 19 L. Ed.2d 576 (1976). In *Jones*, 556 U.S. ___, 132 S.Ct. 945, 181 L.Ed2d 911 (2012), the United States Supreme Court held,

**{¶25}** "'The Fourth Amendment provides in relevant part that '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated.' It is beyond dispute that a vehicle is an 'effect' as that term is used in the Amendment. *United States v. Chadwick,* 433 U.S. 1, 12, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977). We hold that the Government's installation of a GPS device on a target's vehicle, [Footnote omitted] and its use of that device to monitor the vehicle's movements, constitutes a 'search.'"

**{¶26}** The Supreme Court declined to address the issue of whether the warrantless search was reasonable and lawful under the Fourth Amendment as the government did not raise the issue below.

**{¶27}** In the case sub judice, the State maintains even if a violation of the Fourth Amendment occurred the trial court must engage in a separate analysis to determine

whether the remedy afforded by the exclusionary rule is appropriate. *Illinois v. Gates,* 462 U.S. 213 (1983). The purpose of the exclusionary rule is to deter future Fourth Amendment violations. *Davis v. United States*, 564 U.S. ___, 131 S. Ct. 2419 (2011). Exclusion is the appropriate remedy when the deterrence benefits of suppression outweigh the costs imposed. *Herring v. United States* 555 U.S. 135, 129 S.Ct. 695.

{¶28} The State asserts the officers herein acted in good faith and without knowledge installing the device was improper under *United States v. Jones*, 556 U.S. ___, 132 S.Ct. 945, 181 L.Ed2d 911 (2012)*.* Rather, the officers objectively relied upon the search warrant as valid. Further, the State asserts there is no deterrent value in suppressing the evidence in this case, and exclusion would only deter conscientious police work.

{¶29} The United States Court of Appeals for the District of Columbia Circuit held in *United States v. Maynard*, 615 F.3d 544 (CADC, 2010), the predecessor to *Jones*, supra,

{¶30} "It does not apodictically follow that, because the aggregation of Jones's movements over the course of a month was not exposed to the public, his expectation of privacy in those movements was reasonable; 'legitimation of expectations of privacy must have a source outside the Fourth Amendment,' such as 'understandings that are recognized or permitted by society,' *United States v. Jacobsen,* 466 U.S. 109, 123 n. 22, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984) (quoting *Rakas,* 439 U.S. at 143 n. 12, 99 S.Ct. 421). So it is that, because the 'Congress has decided ... to treat the interest in 'privately' possessing cocaine as illegitimate,' 'governmental conduct that can reveal

whether a substance is cocaine, and no other arguably 'private' fact, compromises no legitimate privacy interest.' *Id.* at 123, 99 S.Ct. 421.

**{¶31}** "The Government suggests Jones's expectation of privacy in his movements was unreasonable because those movements took place in his vehicle, on a public way, rather than inside his home. That the police tracked Jones's movements in his Jeep rather than in his home is certainly relevant to the reasonableness of his expectation of privacy; 'in the sanctity of the home,' the Court has observed, ' *all* details are intimate details' *Kyllo,* 533 U.S. at 37, 121 S.Ct. 2038. A person does not leave his privacy behind when he walks out his front door, however. On the contrary, in *Katz* the Court clearly stated "what [one] seeks to preserve as private, even in an area accessible to the public, may be constitutionally protected.' 389 U.S. at 351, 88 S.Ct. 507. Or, as this court has said, outside the home, the 'Fourth Amendment ... secur[es] for each individual a private enclave, a 'zone' bounded by the individual's own reasonable expectations of privacy.' *Reporters Comm. for Freedom of Press v. AT & T,* 593 F.2d 1030, 1042–43 (1978).

**{¶32}** "Application of the test in *Katz* and its sequellae to the facts of this case can lead to only one conclusion: Society recognizes Jones's expectation of privacy in his movements over the course of a month as reasonable, and the use of the GPS device to monitor those movements defeated that reasonable expectation. As we have discussed, prolonged GPS monitoring reveals an intimate picture of the subject's life that he expects no one to have—short perhaps of his spouse. The intrusion such monitoring makes into the subject's private affairs stands in stark contrast to the relatively brief intrusion at issue in *Knotts;* indeed it exceeds the intrusions occasioned

by every police practice the Supreme Court has deemed a search under *Katz,* such as a urine test, *see Skinner v. Ry. Labor Executives' Ass'n,* 489 U.S. 602, 109 S.Ct. 1402, 103 L.Ed.2d 639 (1989) (urine test could 'reveal a host of private medical facts about an employee, including whether he or she is epileptic, pregnant, or diabetic'); use of an electronic listening device to tap a payphone, *Katz,* 389 U.S. at 352, 88 S.Ct. 507 (user of telephone booth 'entitled to assume that the words he utters into the mouthpiece will not be broadcast to the world'); inspection of a traveler's luggage, *Bond,* 529 U.S. at 338, 120 S.Ct. 1462 ('travelers are particularly concerned about their carry-on luggage'); or use of a thermal imaging device to discover the temperature inside a home, *Kyllo,* 533 U.S. at 37, 121 S.Ct. 2038 ('In the home, *all* details are intimate details').

**{¶33}** "We note without surprise, therefore, that the Legislature of California, in making it unlawful for anyone but a law enforcement agency to 'use an electronic tracking device to determine the location or movement of a person,' specifically declared 'electronic tracking of a person's location without that person's knowledge violates that person's reasonable expectation of privacy,' and implicitly but necessarily thereby required a warrant for police use of a GPS, California Penal Code section 637.7, Stats.1998 c. 449 (S.B.1667) § 2. Several other states have enacted legislation imposing civil and criminal penalties for the use of electronic tracking devices and expressly requiring exclusion of evidence produced by such a device unless obtained by the police acting pursuant to a warrant. *See, e.g.,* Utah Code Ann. §§ 77–23a–4, 77–23a–7, 77–23a–15.5; Minn. Stat. §§ 626A.37, 626A.35; Fla. Stat. §§ 934.06, 934.42; S.C.Code Ann. § 17–30–140; Okla. Stat., tit. 13, §§ 176.6, 177.6; Haw. Rev. Stat. §§ 803–42, 803–44.7; 18 Pa. Cons.Stat. § 5761.

**{¶34}** "Although perhaps not conclusive evidence of nationwide 'societal understandings,' *Jacobsen,* 466 U.S. at 123 n. 22, 104 S.Ct. 1652, these state laws are indicative that prolonged GPS monitoring defeats an expectation of privacy that our society recognizes as reasonable. So, too, are the considered judgments of every court to which the issue has been squarely presented. *See Weaver,* 12 N.Y.3d at 447, 882 N.Y.S.2d 357, 909 N.E.2d 1195 ('the installation and use of a GPS device to monitor an individual's whereabouts requires a warrant supported by probable cause'); *Jackson,* 76 P.3d at 223–24 (under art. I, § 7 of Washington State Constitution, which 'focuses on those privacy interests which citizens of this state have held, and should be entitled to hold, safe from governmental trespass,' 'use of a GPS device on a private vehicle involves a search and seizure'); *cf. Commonwealth v. Connolly,* 454 Mass. 808, 913 N.E.2d 356, 369–70 (Ma.2009) (installation held a seizure).***"

**{¶35}** We are persuaded by the holding in *Jones*, supra, and the rationale of the Circuit Court of Appeals in *Maynard*, supra. We find the installation of the GPS tracking device by law enforcement in this case without a warrant, for an extended period of time, is a violation of the vehicle owner/operator's reasonable expectation of privacy and amounts to an unlawful search. We find the trial court correctly ruled the GPS evidence should be suppressed.

**{¶36}** The first and third assignments of error are overruled.

II.

**{¶37}** In the second assignment of error, the State maintains the trial court erred in suppressing Appellee's statements made to law enforcement which were not derived from the use of the GPS tracking device. We agree.

**{¶38}** During the course of the investigation, Corporal Minerd obtained a search warrant for Appellee's cell phone. Minerd traced Appellee using cell phone tower information relayed to Appellee's phone. Appellee's cell phone was tracked and located at the Motel 6. After checking the hotel registry, law enforcement confirmed Appellee was registered at the hotel. Appellee was found at the hotel and taken into custody. The officers read Appellee his Miranda rights, and conducted an interview. The trial court determined the statements were voluntary, and Appellee understood his rights. However, the trial court suppressed Appellee's statements made while in custody as being derived from the use of the GPS tracking device.

**{¶39}** The exclusionary rule "prohibits the introduction of derivative evidence, both tangible and testimonial, that is the product of the primary evidence, or that is otherwise acquired as an indirect result of the unlawful search, up to the point at which the connection with the unlawful search becomes 'so attenuated as to dissipate the taint.'" *Murray v. United States,* 487 U.S. 533, 108 S.Ct. 2529, 101 L.Ed. 2d 472 (1988), quoting *Nardone v. United States,* 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307 (1939).

**{¶40}** Appellee's location at the hotel was obtained utilizing information obtained from his cell phone records, not the GPS monitoring. Appellee was located and taken into custody at the hotel, Mirandized and questioned. We find the statements were not derived from the use of GPS monitoring.

**{¶41}** Accordingly, we agree with the state of Ohio, the trial court improperly suppressed Appellee's statements.

**{¶42}** The second assignment of error is sustained.

{¶43} The judgment of the Fairfield County Court of Common Pleas is affirmed in part, reversed in part and remanded for further proceedings in accordance with this Opinion and the law.

By: Hoffman, P.J.

Farmer, J. and

Delaney, J. concur

_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER


_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MONTIE E. SULLIVAN | : | |
| | : | |
| Defendant-Appellee | : | Case No. 13-CA-10 |

For the reasons stated in our accompanying Opinion,  the judgment of the

Fairfield County Court of Common Pleas is affirmed in part, reversed in part and

remanded to the trial court for further proceedings in accordance with our Opinion and

the law.  Costs waived.

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER

_____
HON. PATRICIA A. DELANEY